UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COUNTRY MUTUAL | ) | |
|---|---|---|
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:13-cv-1476-SPM |
| | ) | |
| OMICRON CAPITAL, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Country Mutual Insurance Company's ("Plaintiff's") Second Motion for Sanctions. (Doc. 36). Plaintiff asks the Court to strike Defendants' pleadings, dismiss Defendants' Counterclaims, and enter a default judgment against Defendants and in favor of Plaintiff. Defendants have not responded to the motion. On September 5, 2014, the Court entered an order setting the motion for hearing on September 24, 2014. (Doc. 39). Upon further review of Plaintiff's motion and for the reasons stated below, the Court finds that the Plaintiff's motion should be denied without prejudice and the order setting a hearing should be vacated.

I. FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2014, this Court issued its original Case Management Order, under which the parties' Rule 26(a)(1) disclosures were due by March 21, 2014. (Doc. 16). On April 29, 2014, after Defendants' attorney was given leave to withdraw and Defendants requested extensions of the deadlines in the Case Management Order, the Court issued an Amended Case Management Order stating that the parties' Rule 26(a)(1) disclosures were due by May 16, 2014. (Doc. 25).

On June 5, 2014, Plaintiff filed a motion to compel, stating that Defendants had produced no Rule 26(a)(1) disclosures and had failed to respond to requests for production. (Docs. 26 & 27). On June 17, 2014, the Court granted the motion in part and ordered Defendants to provide Rule 26(a)(1) Disclosures within fourteen days of the order. (Doc. 30).

Plaintiff states in the instant motion that on June 27, 2014, Defendant Richard Saddler emailed to Plaintiff three audio recordings and a set of emails. Plaintiff states that Defendants did not provide any written Rule 26(a)(1) disclosures and that in particular, Defendants failed to provide a list of people who may have discoverable information or a calculation of Defendants' damages. Plaintiff did not, however, attach to its motion the materials Defendant Saddler sent to Plaintiff. On July 8, 2014, Plaintiff's counsel sent an email to Mr. Saddler stating that his Rule 26(a)(1) disclosures were overdue and that if Plaintiff's counsel did not receive them within a few days, he would file a motion for sanctions. (Doc. 31-1). Plaintiff states that Defendants have not responded to this email. Mr. Saddler is currently incarcerated pursuant to a plea agreement with the United States government.

## II. DISCUSSION

Under Rule 37(b)(2), where a party fails to obey an order to provide discovery, the court may issue "further just orders" including striking pleadings in whole or in part, dismissing the action or proceeding in whole or in part, and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). "Striking one party's pleadings is a severe sanction that may ineluctably lead to judgment for the other side. This sanction thus should be applied only where there is an order compelling discovery, a willful violation of that order, and prejudice to the other party. A court should impose the sanction of dismissal only after finding that the sanctioned party acted willfully and in bad faith." *St. Louis Produce Market v. Hughes*,

735 F.3d 829, 831-32 (8th Cir. 2013). Unless the party being sanctioned acted deliberately or with bad faith, the court "must investigate whether a sanction less extreme than dismissal would suffice." *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (quotation marks omitted).

The record currently before the Court is not sufficient to justify striking Defendants' pleadings, dismissing their counterclaims, or entering default judgment against them. First, the record does not establish whether Defendants acted willfully, deliberately, or in bad faith in failing to comply with the Court's order compelling Rule 26(a)(1) disclosures. As Plaintiff acknowledges, after the Court issued its order, Defendant Saddler (who is proceeding *pro se*) sent Plaintiff's counsel a set of emails and audio records. Because those materials were not attached to Plaintiff's motion, it is impossible for the Court to determine what information was in them or whether they constituted a good-faith attempt to comply with the Court's order. Second, without knowing what information Defendants *did* provide to Plaintiff, it is impossible for the Court to determine what prejudice Plaintiff has suffered. The Court also notes that Plaintiff does not explain how it was prejudiced by Defendants' actions. Finally, Plaintiff does not explain why a lesser sanction, such as exclusion of the non-disclosed evidence and witnesses, would not suffice as a sanction for Defendants' conduct.

### III. CONCLUSION

For all of the reasons stated above, Plaintiff's motion for sanctions must be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Sanctions (Doc. 36) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this Court's prior order setting a hearing on Plaintiff's motion (Doc. 39) is **VACATED**.

Dated this 11th day of September, 2014.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE